# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 19, 2010 Session

## JEFF BURKHART v. CITY OF CLARKSVILLE, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Montgomery County**
**No. MCAA-07-03     Laurence M. McMillan, Chancellor**

- - -

**No. M2010-00050-COA-R3-CV - Filed April 1, 2011**

- - -

Assistant Chief Shift Commander of city fire department appeals trial court affirmance of hearing committee's finding of just cause for his termination.  Finding that the trial court appropriately applied the proper standard of review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Alfred Russell Willis, Nashville, Tennessee, for the appellant, Jeff Burkhart.

William Timothy Harvey, Clarksville, Tennessee, for the appellees, the City of Clarksville and Johnny Piper, Mayor.

## OPINION

## I.  Facts and Procedural History

Jeff Burkhart was employed by the City of Clarksville Fire Department for approximately twenty-two years and served as Assistant Chief Shift Commander for six years until he was terminated on April 26, 2007.[1]  Johnny Piper, the Mayor of the City of Clarksville ("Mayor Piper"), terminated Mr. Burkhart on the grounds of insubordination when Mr. Burkhart refused to transfer to the position of Building and Maintenance Supervisor.

---

[1]  In addition to his work at the fire department, Mr. Burkhart had approximately thirty years of experience in the construction industry.

On the morning of April 20, 2007, Mr. Burkhart attended a meeting with the Fire Chief, Deputy Fire Chief, and Mayor Piper at which Mayor Piper informed Mr. Burkhart that he was considering transferring him to the position of Building and Maintenance Supervisor. In a subsequent meeting that afternoon, Mr. Burkhart told the Fire Chief, Deputy Fire Chief, and Mayor Piper that he was not interested in the job, felt unqualified for the position, and thought the position presented a serious safety risk.[2]

On April 26, 2007, Mayor Piper met with Mr. Burkhart and explained that Mr. Burkhart would be transferred to the Building and Maintenance Supervisor position. Mr. Burkhart again voiced his concerns and refused to take the position. In response, Mayor Piper terminated him, effective that day, for violation of City Code § 1-1317(10).[3]

Mr. Burkhart appealed the Mayor's decision, and on May 31, 2007, an appeal hearing was held before a "hearing committee," which was comprised of two city council members and one city employee of equal pay grade pursuant to City Code § 1316(f)(1)(c).[4] The sole

---

[2] Mr. Burkhart explained that he felt unqualified for the position because he did not hold an electrician's license and was not eligible to be certified in gas, plumbing, and refrigerants, which were qualifications listed in the Building and Maintenance Supervisor job description.

[3] City Code § 1-1317 entitled, "Conduct which could cause disciplinary action," provides: "The following actions may cause disciplinary action up to and including dismissal: . . . (10) Insubordination or failure to carry out instructions or job assignments."

[4] The entirety of City Code § 1316(f)(1)(c) reads as follows:

If an employee exercises his or her right to appeal the recommended disciplinary action, a hearing committee comprised of two (2) randomly selected city council members and one randomly selected employee of equal pay grade will be appointed by the mayor to hear the appeal. The committee will be convened within fourteen (14) calendar days of the receipt of the appeal request by the employee or as soon there after as possible. The employee will be advised of the time and place of the hearing and informed that he or she may be represented by counsel of their choosing at their own expense. The employee shall have the right to appear and defend in person or by counsel and have the process of the city council to complete the attendance of witnesses in his or her behalf. The sole issue to be decided by the committee is whether there is just cause to support the disciplinary action. Upon review, the committee should determine whether the decision of the department head is supported by substantial and material evidence. If the committee determines that the decision of the department is, in fact, supported by substantial and material evidence of cause, the recommended disciplinary action shall be affirmed. Deliberation will occur openly and in public. After reaching a decision the committee will so notify the mayor and the employee in writing. The mayor may, upon his own initiative or upon the written request of either party, review the committee's decision, and affirm, modify, or reverse it.

(continued...)

issue before the hearing committee was "whether there is just cause to support the disciplinary action of termination." After hearing testimony from five witnesses, including Mr. Burkhart and Mayor Piper, the committee affirmed Mayor Piper's decision. Mr. Burkhart requested Mayor Piper to review the committee's decision, as was required by City Code, and upon Mayor Piper's decision to take no action, the hearing committee's decision became final ten days following Mr. Burkhart's request for review.

On August 14, 2007, Mr. Burkhart filed a Petition for Judicial Review in the Chancery Court of Davidson County alleging that Mayor Piper's decision to transfer him from Assistant Chief Shift Commander to Building and Maintenance Supervisor was a demotion under the City Code, and as a result, the transfer could only be made on a showing of cause and by affording him due process rights. The City filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service of process and for failure to state a claim upon which relief may be granted. On October 26, 2007, the Davidson County Chancery Court entered an Order denying the motion to dismiss and holding that venue was not proper in Davidson County. In addition, the court held:

> [T]he hearing panel of the City of Clarksville acted as the equivalent of a civil service board as interpreted in Tidwell et al. v. City of Memphis . . . and therefore governed by T.C.A 27-9-114 and the judicial review standards set forth in T.C.A. 4-5-322, and it is therefore appropriate to transfer the action to the Chancery Court for Montgomery County, Tennessee pursuant to T.C.A. 4-5-322 or T.C.A. 16-1-116.

On November 23, 2009, the Montgomery County Chancery Court entered a Memorandum Opinion and Order finding that the City's hearing committee was "acting as the equivalent of a civil service board," and reviewed Mr. Burkhart's Petition for Judicial Review under the standards set forth in Tenn. Code Ann. § 4-5-322(h). The court upheld the Mayor's decision to terminate Mr. Burkhart stating:

> Taking into account the standard of review applicable to this case as well as this court being prohibited from substituting its judgment for the hearing panel

---

[4](...continued)
A request for review of the committee's decision shall be filed with the mayor within ten (10) days of the decision. If no request is filed, or if, after receiving a request, the mayor decides to take no action within ten (10) days, the committee's decision shall stand as final. The director of human resources shall make the record of the hearing before the committee available for the mayor in each such case.

on questions of fact, this court is of the opinion that "a reasonable mind might accept as adequate" that the transfer was not a demotion because it was to have been with no loss of salary or benefits. This court is further of the opinion that "a reasonable mind might accept as adequate" that the Petitioner's refusal to be transferred in light of the Mayor's vision for the supervisor position coupled with the Petitioner's extensive construction background, constituted insubordination under the City Code.

Mr. Burkhart filed a timely appeal and raises the following issues for our review:

I.      Whether the decision of the hearing panel and the trial court was arbitrary and capricious?

III.    Whether the decision of the hearing panel and the trial court is supported by substantial and material evidence?

IV.     Whether the Mr. Burkhart should be awarded back pay and benefits from the date of his termination?

The City raises an additional issue, "Whether the trial court erred in applying the standards of the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-322, pursuant to Tenn. Code Ann. § 27-9-114 instead of the standards of a common law writ of certiorari."

## II.  Standard of Review

The parties disagree over the appropriate standard of review in this case. The City of Clarksville contends that the matter is properly reviewed under the common law writ of certiorari, because, among other things, the hearing committee was not acting in the role of a "civil service board" when it reviewed Mayor Piper's termination decision. Mr. Burkhart argues that pursuant to Tenn. Code Ann. § 27-9-114, this case should be reviewed under the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-301 *et seq*.

Tenn. Code Ann. § 27-9-114 governs the procedure and appellate review for proceedings involving certain public employees and states in relevant part:

(a)(1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act . . .

(b)(1) Judicial review of decisions by civil service boards of a county or

-4-

municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

In *Tidwell v. City of Memphis*, our Supreme Court explained:

In order for section 27-9-114(a)(1) to apply, there must (1) be a proceeding before a "civil service board" and (2) a decision that affects the "employment status" of a civil service employee. In the absence of either of these two prerequisites, the provisions of section 27-9-114 do not apply. If section 27-9-114 does not apply, then review is under the common law writ of certiorari, which limits the review to whether the administrative agency has exceeded its authority or has acted illegally, arbitrarily, or fraudulently.

*Tidwell v. City of Memphis*, 193 S.W.3d 555, 559–60 (Tenn. 2006) (citing *McCallen v. City of Memphis,* 786 S.W.2d 633, 638 (Tenn.1990)). Thus, the resolution of this appeal requires us to determine whether the hearing committee which reviewed Mayor Piper's termination decision qualifies as a civil service board under Tenn. Code Ann. § 27-9-114.

In *Tidwell*, the Supreme Court declined to limit the definition of a civil service board, as used in Tenn. Code Ann. § 27-9-114, only to those municipal entities that are technically designated as such. *Id.* at 562 (citing *Johnson v. Johnson*, 37 S.W.3d 392, 298 (Tenn. 2001)). Instead, the Court placed substance over form and reasoned that an entity sitting in an "adjudicative capacity" making "decisions that affect a worker's employment status" is the "functional equivalent" of a civil service board as contemplated in Tenn. Code Ann. § 27-9-114. *Id.* at 562. The Court further reasoned that the municipal entity at issue in *Tidwell* was a civil service board because, among other things, it held hearings, analyzed evidence, and determined appeals from administrative decisions. *Id.* at 563.

In the case before us, the Davidson and Montgomery County Chancery Courts determined that the City's hearing committee was acting as the equivalent of a civil service board. We agree.[5] Like the municipal entity in *Tidwell*, the hearing committee heard and analyzed evidence from five witnesses regarding the circumstances of Mr. Burkhart's termination and made a decision affecting his employment status. Specifically, the hearing committee determined that Mayor Piper's decision to terminate Mr. Burkhart for

---

[5] Our resolution of this issue does not hinge on whether the City's hearing committee conducted its proceeding in conformity with the contested case procedures under the UAPA. *See Davis v. Shelby County Sheriff's Dep't*, 278 S.W.3d 256, 262 (Tenn. 2009) (finding that Tenn. Code Ann. § 27-9-114(b)(1) governed the review of the Memphis Civil Service Merit Board even though the board was exempt from the UAPA's contested case hearing procedures).

insubordination was supported by substantial and material evidence of cause. Thus, we conclude that the hearing committee was the functional equivalent of a civil service board, and the standard of judicial review is governed by the UAPA.

Pursuant to the narrow standard of review at Tenn. Code Ann. § 4-5-322 a reviewing court[6] may reverse or modify an administrative decision if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h). The scope of the review of this Court and the lower courts is confined to the record made before the hearing committee, however, we review matters of law is *de novo* with no presumption of correctness. *See Davis v. Shelby County Sheriff's Dep't*, 278 S.W.3d 256, 262 (Tenn. 2009); *Metro. Gov't of Nashville v. Shacklett*, 554 S.W.2d 601, 604 (Tenn. 1977). In reviewing the decision of the trial court, this Court must determine whether the trial court properly applied the standard of review found at Tenn. Code Ann. § 4-5-322(h). *See Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002) (quoting *Papachristou v. Univ. of Tennessee,* 29 S.W.3d 487, 490 (Tenn. Ct. App. 2000)).

## III. Analysis

Mr. Burkhart contends that the decision of the hearing committee was arbitrary and capricious, asserting that the hearing committee based its decision to affirm Mayor Piper's decision "on its conclusion that the mayor has authority to terminate city employees" instead of "whether the decision of [Mayor Piper] is supported by substantial and material evidence."

---

[6] Both the trial and appellate courts use the same standard of review. *See Miller v. Civil Serv. Comm'n of the Metro. Gov't of Nashville and Davidson County*, 271 S.W.3d 659, 644 n.3 (Tenn. Ct. App. 2008) (citations omitted).

The standard of review under subsection (4) of Tenn. Code Ann. § 4-5-322(h) has been described as follows:

> In its broadest sense, the standard requires the court to determine whether the administrative agency has made a clear error in judgment. An arbitrary [or capricious] decision is one that is not based on any course of reasoning or exercise of judgment, or one that disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion.

*City of Memphis v. Civil Serv. Comm'n of City of Memphis*, 216 S.W.3d 311, 316 (Tenn. 2007) (citing *Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n*, 876 S.W.2d 106, 110–11 (Tenn. Ct. App. 1993)). Provisions (4) and (5) under Tenn. Code Ann. § 4-5-322(h) each relate to the sufficiency of the evidence; however, decisions with adequate evidentiary support might still be arbitrary and capricious if caused by a clear error in judgment. *Id.* (citing *Jackson Mobilphone Co.*, 876 S.W.2d at 110). Substantial and material evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *City of Memphis v. Civi l Service Comm'n*, 239 S.W.3d 202, 208–09 (Tenn. Ct. App. 2007).

The record of the administrative appeal hearing shows that Mayor Piper proposed to transfer Mr. Burkhart to the position of Building and Maintenance Supervisor due to Mr. Burkhart's expertise in the construction industry. Mr. Burkhart was given the opportunity to accept or reject the job transfer, and Mr. Burkhart chose to refuse the position stating, "I'm not going to accept the transfer because of a safety issue and I'm not qualified for the job." Mayor Piper testified that he terminated Mr. Burkhart for "not taking a direct order of transfer" which was insubordination and grounds for dismissal under City Code § 1-1317. We conclude that a reasonable person could determine that Mr. Burkhart's refusal of the position constituted "[i]nsubordination or failure to carry out instructions or job assignments" under the City Code and, consequently, that the Mayor's decision was not arbitrary and capricious within the meaning of Tenn. Code Ann. § 4-5-322(h)(4).

We next turn to Mr. Burkhart's contention that the decision of the hearing committee was not supported by substantial and material evidence because Mr. Burkart had justifiable reasons for refusing what he characterizes as a demotion.

The interim Human Resources Director for the city, Sheila Michaels, testified that the Mayor had not taken the steps necessary to insure that the new position was of equal pay and grade to the position Mr. Burkhart held. There was also testimony that Mr. Burkhart may

have been subjected to a 90 day probationary period in the new position. Mayor Piper testified he was in the process of rebuilding the Maintenance Department, that he was aware of Mr. Burkhart's experience in the construction industry and felt that Mr. Burkhart could lead the department, and that he intended to laterally transfer Mr. Burkhart without a loss of pay or benefits.

We acknowledge that the fact that the Mayor had not completed the steps necessary to reclassify the position and his failure to effectively communicate his intentions in that regard placed Mr. Burkhart in a difficult position. However, the committee's rejection of Mr. Burkhart's contention that the proposed transfer was actually a demotion, as contemplated by the city code is supported by the evidence. To the extent the evidence is conflicting, we cannot reverse the decision of the hearing committee "simply because the evidence also supports another conclusion." *City of Memphis v. Civl Service Comm'n*, 239 S.W.3d at 211. Moreover, this Court may not substitute our judgment for that of the hearing committee as to the weight of the evidence on factual issues. *See* Tenn. Code Ann. § 4-5-322(h)(5)(B); *Papachristou*, 29 S.W.3d at 490.

## IV. Conclusion

Accordingly, we hold that the trial court properly found that the hearing committee's decision was not arbitrary and capricious and was supported by substantial and material evidence. For the foregoing reasons, we affirm the judgment of the trial court.

_____
RICHARD H. DINKINS, JUDGE